**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-5007**

_____

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

CHRISTOPHER    STANCIL,    a/k/a    Christopher
Stancel,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Terrence W. Boyle,
District Judge.  (5:04-cr-00381-BO)

_____

Submitted:  August 29, 2007        Decided:  September 13, 2007

_____

Before MOTZ and KING, Circuit Judges, and WILKINS, Senior Circuit
Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Bridgett  Britt  Aguirre,  Fuguay-Varina,  North  Carolina,  for
Appellant.  George E. B. Holding, United States Attorney, Anne M.
Hayes, Jennifer P. May-Parker, Assistant United States Attorneys,
Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Stancil* appeals his eighty-four month sentence following his guilty plea and conviction for possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 992(g)(1) and 924, and possessing a stolen firearm, in violation of 18 U.S.C. § 922(j) and 924. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Stancil was notified of his opportunity to file a pro se supplemental brief, and has filed a "Fact Statement." The Government filed a responding brief. Finding no reversible error, we affirm.

Stancil first contends the district court erred in denying his motion to suppress. The Government counters that by pleading guilty, Stancil waived the right to challenge the denial of the suppression motion on appeal. Stancil's unconditional, voluntary plea of guilty waived his right to challenge such antecedent, non-jurisdictional errors. See Tollett v. Henderson, 411 U.S. 258, 267 (1973); Hall v. McKenzie, 575 F.2d 481 (4th Cir. 1978). During the Rule 11 plea colloquy, Stancil agreed that he was in fact guilty of the crimes charged, and the court accepted his plea. The record establishes that Stancil's guilty plea was knowingly and voluntarily made, and he has not presented any

_____

*We have maintained the spelling of Appellant's name as it was docketed in the district court.

- 2 -

evidence to the contrary. Thus, Stancil may not challenge the denial of the motion to suppress on appeal.

Stancil next contends that the district court erred when it simply accepted the probation officer's position as to relevant conduct without making a finding as to the reliability of the evidence. At the time of Stancil's arrest in June 2004, he made a statement that he had possessed the firearm for about five years; thus, the probation officer used this statement and made the applicable period of relevant conduct stem back five years to June 1999. Stancil was previously released from incarceration on October 26, 1999, after serving a sentence for a prior felon in possession of a gun conviction. Accordingly, the probation officer added two points pursuant to USSG § 4A1.1(e), because Stancil had committed the instant offense less than two years after release from imprisonment. The district court adopted this finding. Stancil argues that the relevant conduct should have been limited to the date he was arrested and that the statement upon which the enhancement was based lacked any indicia of reliability.

Stancil himself stated to police in June 2004 that he had owned the gun for five years. He fails to demonstrate why his statement now should be deemed unreliable. Stancil did not question the reliability of this statement at sentencing. Instead, counsel emphasized that Stancil had "voluntarily and truthfully [told police] that he had had that gun for five years." This fact

was undisputed at sentencing; thus, the court properly adopted the probation officer's recommendation for the two-point enhancement.

The argument that Stancil could not possess the gun between June 1999 and October 1999 while he was incarcerated, and therefore he did not "possess" the weapon for five years before the 2004 arrest date, also lacks merit. Section 4A1.1(e) extends to a period of two years after a person is released from incarceration and Stancil admittedly possessed the gun during that period.

To the extent Stancil intends to argue that the probation officer should only count the day of the arrest as "relevant conduct," he offers no authority for this proposition. Stancil was a convicted felon and possessed the weapon not just on the day he was arrested but during the previous five years; thus, the offense conduct was ongoing. The district court properly adopted the two-point enhancement, and this claim lacks merit.

Finally, in Stancil's pro se "Fact Statement," he simply reiterates that he was stopped and searched illegally and that he did not consent to the search. As discussed above, Stancil's guilty plea waived the right to challenge his conviction based upon purported Fourth Amendment errors.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Stancil's conviction and sentence. This court requires that counsel inform Stancil, in writing, of the right to

- 4 -

petition the Supreme Court of the United States for further review. If Stancil requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Stancil.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED